UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1899 L Street, N.W., 12th Floor<br>Washington, D.C. 20036<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Ariel Rios Building<br>Washington, D.C. 20460<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-434 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the Agency"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under one FOIA request seeking copies of EPA letters granting or denying requests to have FOIA fees waived or substantially reduced as mandated by 5 U.S.C. § 552(a)(4)(A)(iii). (That provision applies when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.")

2) Plaintiff submitted its request on March 4, 2013, after experiencing a series of denials of its own requests for fee waiver, and learning of EPA using fees as a barrier to

other, similarly situated requesters who also broadly disseminate government information.

3) Plaintiff's experience reflects a sudden and marked reversal by Defendant of its practice of routinely granting fee waivers to Plaintiff, a not-for-profit public policy and education institute which broadly disseminates public information and promotes government transparency.[1]

4) These letters are Agency records and their disclosure will reveal the extent to which Defendant EPA has complied with disclosure and other FOIA obligations, including how evenly it treats requesting parties under an important transparency law.

5) EPA did not respond in any way to Plaintiff's request seeking copies of such fee waiver determinations that it had issued over the course of approximately the past year.

6) As such, and in the face of revelations about organized and systemic abuses by senior federal employees in violation of their transparency and disclosure obligations, EPA has denied this request, leaving Plaintiff no recourse but this lawsuit asking this Court to compel EPA to comply with the law.

## PARTIES

7) Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records

---

[1] This recent change by Defendant to deny Plaintiff's fee waiver requests followed Plaintiff revealing the existence of a false-identity email account for EPA's then-Administrator, Lisa Jackson, in the name "Richard Windsor." This revelation prompted widespread and unflattering national media attention to EPA followed by numerous congressional oversight requests for records.

relating to environmental and energy policy and how policymakers use public resources.

8) Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

9) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

10) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in the District of Columbia and Defendant is a federal agency.

## FACTUAL BACKGROUND

11) This lawsuit seeks to compel EPA to respond fully and completely to one FOIA request dated March 4, 2013, for certain described records sent by EPA to FOIA requesters from January 1, 2012 through March 2013.

12) Defendant failed to acknowledge or respond in any way to this request.

13) Transparency in government is the subject of high-profile promises from the president and attorney general of the United States, both arguing forcefully that "that FOIA 'should be administered with a clear presumption: In the face of doubt, openness prevails'" (*See, e.g.*, Attorney General Eric Holder, OIP Guidance, "President Obama's FOIA Memorandum and Attorney General Holder's FOIA Guidelines, Creating a 'New Era of Open Government,'" http://www.justice.gov/oip/foiapost/2009foiapost8.htm. This and a related guidance

elaborate on President Obama's memorandum for the heads of executive departments and agencies, January 20, 2009, http://www.whitehouse.gov/the_press_office/Freedom_of_Information_Act.)

### FOIA and Fee Waiver

14) FOIA mandates fee waiver or reduction when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

15) Congress intended that the assessment of fees not be a bar to private individuals or public interest groups seeking access to government documents. Both FOIA and the legislative history of the relevant FOIA provision call for a liberal interpretation of the fee waiver standard. ("A requester is likely to contribute significantly to public understanding if the information disclosed is new; supports public oversight of agency operations; or otherwise confirms or clarifies data on past or present operations of the government." 132 Cong. Rec. H9464 (Reps. English and Kindness)).

16) Courts have noted this legislative history to find that a fee waiver request is likely to pass muster "if the information disclosed is new; supports public oversight of agency operations, including the quality of agency activities and the effects of agency policy or regulations on public health or safety; or, otherwise confirms or clarifies data on past or present operations of the government." *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284-86 (9th Cir. 1987).

17) This history shows all fees should be waived whenever a requester is seeking information on how a government agency is carrying out its operations, or how its policies or activities affect the public.

18) Until recently, Plaintiff has routinely received fee waivers under FOIA.

19) Further, under the OPEN Government Act of 2007 ("2007 Amendments"), agencies that do not respond to requests within the statutory time period are precluded from charging search fees (or copying fees for media requesters, who are not subject to search fees). *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 38 (D.D.C. 2011)("To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with any time limit' of FOIA. § 552(a)(4)(A)(viii)"). *See also Lawyers Comm. for Civil Rights v. U.S. Dep't of the Treasury*, No. 07-2590, 2009 WL 2905963, 2009 U.S. Dist. LEXIS 86348 (N.D. Cal. Sept. 8, 2009)(Defendant waived its right to object to plaintiff's request for a fee waiver where it failed to respond within twenty days of the request.); Reporters Committee for Freedom of the Press, Federal Open Government Guide, Response Times, http://www.rcfp.org/federal-open-government-guide/federal-freedom-information-act/response-times.

**Plaintiff CEI's FOIA Request Seeking Certain
Specified EPA Fee Waiver Determination Letters**

20) On March 4, 2013, Plaintiff CEI submitted one FOIA Request by electronic mail to hq.foia@epa.gov, EPA's headquarters FOIA office, seeking (emphases in original):

> **copies of all initial determinations, by EPA Headquarters FOIA office, meeting the following description: a) dated from January 1, 2012 to the date you process this request, inclusive, which either b) grant a request for fee waiver under FOIA, or b) deny a fee waiver under FOIA**.

**Defendant's Response to Plaintiff's FOIA Request**

21) EPA owed Plaintiff a response by April 1, 2013. Defendant did not acknowledge this request, assign the request an identification number or otherwise respond.

## LEGAL ARGUMENTS
### Defendant EPA Owed and Has Failed to Provide Plaintiff a Substantive Response to its Request

22) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply. It must rise to the level of indicating "that the agency is exercising due diligence in responding to the request...Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." (5 U.S.C. § 552(a)(6)(C)(i))  Alternately, the agency must cite "exceptional circumstances" and request, and make the case for, an extension that is necessary and proper to the specific request. See also *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

23) EPA regulations state, *inter alia*, "(a) Unless the Agency and the requester have agreed otherwise, or when unusual circumstances exist as provided in paragraph (e) of this section, EPA offices will respond to requests no later than 20 working days from the date the request is received and logged in by the appropriate FOI Office. EPA will ordinarily respond to requests in the order in which they were received. If EPA fails to respond to your request within the 20 working day period, or any authorized extension of time, you may seek judicial review to obtain the records without first making an administrative appeal." 40 C.F.R. § 2.104.

24) The courts have deemed a substantive agency response to mean the agency must begin to process the request. *See, e.g., Oglesby v. U.S. Dep't of Army*, 920 F.2d 57. Examples include informing a requester that it assigned the request(s) to the simple, normal or complex processing tracks and giving notice that it is reviewing some quantity of records with an eye toward production on some estimated schedule. See generally, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 839 F. Supp. 2d 17, 25 (D.D.C. 2011). Alternately, a complying agency will obtain an appropriate extension in the event of unusual circumstances.

25) No office within Defendant EPA has provided any indication it is in fact processing Plaintiff's request, or sought and made its case for an extension of time to respond as required when "exceptional circumstances" exist, or even provided Plaintiff with an acknowledgement or identification/tracking number of its request.

26) By not responding at all to Plaintiff's request, EPA has constructively denied it, and by this refusal Plaintiff has exhausted its administrative remedies.

27) For the foregoing reasons, EPA is now legally required to provide Plaintiff records responsive to its request subject to legitimate withholdings.

28) FOIA is aimed in large part at promoting active oversight roles of watchdog public advocacy groups. *See Better Gov't Ass'n v. Department of State*, 780 F.2d 86, 88-89 (D.C. Cir. 1986)(fee waiver intended to benefit public interest watchdogs).

**Having Failed to Properly Respond to Plaintiff's Request, Defendant EPA Owes Plaintiff Responsive Records Subject to Legitimate Withholdings**

29) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply. It must rise to the level of indicating "that the agency is exercising

7

due diligence in responding to the request...Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(A)(i). *See, e.g., Shermco Industries v. Secretary of the U.S. Air Force*, 452 F. Supp. 306 (N.D. Tex. 1978).

30) EPA owed Plaintiff CEI a substantive response to its request by April 1, 2013.

31) EPA failed to respond to Plaintiff's request. Due to this failure, under well-established precedent Plaintiff need not administratively appeal.

32) EPA provided no responsive records or substantive response or any response at all to Plaintiff. EPA must now provide Plaintiff records responsive to its request.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Certain Described Fee Waiver Correspondence
### -- Declaratory Judgment

33) Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34) FOIA requires all doubts to be resolved in favor of disclosure. It allows the citizenry to learn "what their government is up to." *NRA v. Favish*, 541 U.S. 157, 171 (quoting *U.S. Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989)). The act is designed to "pierce the veil of administrative secrecy and to open agency action to the light of scrutiny." *Department of the Air Force v. Rose*, 425 U.S. 352 (1976). It is a transparency-forcing law, consistent with "the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Ibid.*

35) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

36) Plaintiff has a statutory right to the information it seeks.

37) Defendant failed to provide Plaintiff responsive records, or respond in any way.

38) Plaintiff has exhausted its administrative remedies.

39) Plaintiff asks this Court to enter a judgment declaring that

   i.  EPA records relating to the granting or denying of FOIA fee waiver request as specifically described in Plaintiff's March 4, 2013 request, and all attachments thereto are public records subject to release under FOIA unless subject to one of that Act's mandatory exclusions;
   ii.  EPA must release those requested records not subject to exclusion;
   iii.  EPA's denial of Plaintiff's FOIA request seeking the described records is not reasonable, and does not satisfy EPA's obligations under FOIA; and
   iv.  EPA's refusal to produce the requested records is unlawful.

## SECOND CLAIM FOR RELIEF
**Release of Certain Described Fee Waiver Correspondence -- Injunctive Relief**

40) Plaintiff re-alleges paragraphs 1-39 as if fully set out herein.

41) Plaintiff is entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiff's request described, *supra*.

42) This Court should enter an injunction ordering the Defendant to produce to Plaintiff within 10 business days of the date of the order, the described, requested records pertaining to the granting or denying of FOIA fee waiver requests and other specifically described records, and a detailed *Vaughn* index claiming FOIA exemptions applicable to withheld information.

## THIRD CLAIM FOR RELIEF
**Costs And Fees – Injunctive Relief**

43) Plaintiff re-alleges paragraphs 1-42 as if fully set out herein.

44) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

45) This Court should issue an injunction ordering the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

46) Plaintiff has a statutory right to the records that it seeks, Defendant has not fulfilled its statutory obligations to provide the records or a substantive response, and there is no legal basis for withholding the records.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

    Respectfully submitted this 4th day of April, 2013,

                                                Christopher C. Horner
                                                D.C. Bar No. 440107

                                                Hans Bader
                                                D.C. Bar No. 466545

                                                Sam Kazman
                                                D.C. Bar No. 946376

                                                Competitive Enterprise Institute
                                                1899 L Street, N.W., 12th Floor
                                                Washington, D.C. 20036
                                                (202) 331-1010
                                                Attorneys for Plaintiff

DATED:       April 4, 2013